**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ivan F.M.,

Petitioner,

v.

TODD BLANCHE, *U.S. Attorney General*;

ERIC KLANG, *Sheriff, Crow Wing County*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

DAVID VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

Civil No. 26-4012 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Steven T. Appelget, **APPELGET LAW OFFICE**, 1102 Grand Avenue, St. Paul, MN 55101, for Petitioner.

David W. Fuller and Pedro Del Valle, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Ivan F.M. is a citizen of Guatemala who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. On September 15, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued

detention violate 8 U.S.C. § 1357(a)(2) and the Due Process Clause of the Fifth Amendment to the U.S. Constitution. Petitioner filed an Amended Petition for a Writ of Habeas Corpus on September 16, 2026.

The Court concludes that Respondents did not lawfully effectuate a warrantless arrest under 8 U.S.C. § 1357(a)(2). Consequently, the Court will grant the petition and order Petitioner's immediate release.

**BACKGROUND**

Petitioner is a citizen of Guatemala who entered the United States without inspection in August 2019. (Am. Pet. for Writ of Habeas Corpus ("Am Pet.") ¶ 18, Sept. 16, 2026, Docket No. 5; Decl. of Randy Langworthy ("Langworthy Decl.") ¶ 4, Ex. A., Sept. 17, 2026, Docket No. 7.) He works in construction to support his family. (Am. Pet. ¶ 19.) Petitioner has no criminal history. (*Id.*)

On September 11, 2026, at approximately 6:30 a.m., ICE officers were in Columbia Heights conducting fugitive operations when they noticed a truck at a gas station on Central Avenue. (Langworthy Decl. ¶ 5.) ICE officers ran a records check and learned that the truck was registered to Petitioner and that Petitioner did not have lawful immigration status in the United States. (*Id.*) The officers stopped Petitioner in a nearby Menard's parking lot. (Am. Pet. ¶ 20; Langworthy Decl. ¶ 5.) ICE officers approached the truck, opened the driver's side door, and confirmed Petitioner's identity. (Langworthy Decl. ¶ 5.) Petitioner admitted that he was not lawfully present in the United States. (*Id.* ¶ 5.)

Supervisory Detention and Deportation Officer Randy Langworthy attests that officers considered Petitioner's likelihood of escape, including that: (1) Petitioner "exhibited heightened nervousness"; (2) Petitioner closely monitored the officer's positions; (3) Petitioner was at the wheel of a vehicle with keys in the ignition; (4) Petitioner was a "healthy adult male"; and (5) prior to arrest, Petitioner did not present identity verification documents, nor "evidence of compliance with registration, notification of address, or possession of registration documents." (*Id.* ¶ 6.) ICE Officers determined Petitioner was a flight risk, placed him under arrest, and took him into custody. (*Id.* ¶ 7.)

That same day, Officer Langworthy attests that ICE officers served Petitioner with a Notice to Appear in removal proceedings. (*Id.* ¶ 8.) Petitioner contends that he was not served with an I-200 or any other administrative warrant, and that he has not received a Notice to Appear. (Am. Pet. ¶¶ 22–24; Langworthy Decl. ¶ 8, Exs. B, C.)

On September 15, 2026, Petitioner filed a petition for writ of habeas corpus challenging the lawfulness of his detention. (Docket No. 1.) On September 16, in response to the Court's order, Petitioner filed an amended petition arguing that his arrest and continued detention violate 8 U.S.C. § 1357(a)(2) and the Due Process Clause of the Fifth Amendment. (Am. Pet. ¶¶ 27–42.) Respondents timely filed a response. (Docket No. 6.) Petitioner replied. (Docket No. 8.)

**DISCUSSION**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001). "[G]overnment detention violates [the Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and 'narrow' nonpunitive 'circumstances'[.]" *Id.* at 690 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

Respondents[1] argue that Petitioner's detention is lawful and mandatory under 8 U.S.C. § 1225(b)(2). But Respondents readily admit that ICE officers effectuated a warrantless arrest. "[I]t does not follow that Petitioner can be arrested and detained pursuant to § 1225(b)(2) without first complying with 8 U.S.C. § 1357(a), which addresses

[1] "Respondents" here includes only Federal Respondents, as no response was submitted on behalf of Eric Klang.

federal immigration officials' authority to make warrantless arrests." *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *2 (D. Minn. May 5, 2026). Under 8 U.S.C. § 1357(a)(2), an immigration officer may "arrest any [noncitizen] in the United States" without a warrant "if he has reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation **and** is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). The Eighth Circuit has interpreted "reason to believe" to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

The Court agrees that ICE had reason to believe Petitioner was in violation of immigration laws when ICE officers arrested him, given Petitioner's voluntary statement that he did not have lawful immigration status.

Turning to the second requirement, the Supreme Court has not interpreted "likely to escape," but has explained that warrantless arrests should be conducted only in "specific, limited circumstances." *Arizona v. United States*, 567 U.S. 387, 410 (2012). As relevant here, the inquiry into whether a person is likely to evade immigration officers "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at 'another clearly identifiable location.'" *Walther Ademir A.S. v. Blanche*, Civ. No. 26-2804, 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (quoting *Escobar Molina v. U.S. Dep't of Homeland Sec.*, Civ. No. 25-3417, 2026 WL 1256234, at

*10 (D.D.C. May 7, 2026)). ICE Guidance from January 2026 coheres with this interpretation—former ICE Acting Director Todd Lyons interpreted "likely to escape" as meaning that the individual is "unlikely to be located at the scene of the encounter **or another clearly identifiable location once an administrative warrant is obtained**." *Hussen v. Noem*, 822 F. Supp.3d 944, 981–82 (D. Minn. 2026) (emphasis added).

The Court will therefore consider not just if Petitioner was "likely to escape before a valid warrant could be obtained and properly executed," *Francisco M.A.*, 2026 WL 1229701 at *3, but also "whether it was likely that ICE officers would be able to locate [Petitioner] after obtaining a warrant to arrest him," *Walther Ademir A.S.*, 2026 WL 173906, at *3.

That Petitioner was in observably good health in the driver's seat of his truck with the keys in the ignition supports that he may have been likely to escape before a warrant could be issued. *See Jany W.G.C. v. Easterwood*, Civ. No. 26-3486, 2026 WL 2364413, at *2 (D. Minn. Aug. 14, 2026) (noting that the Court "is skeptical that mere access to a vehicle gives rise to probable cause that a noncitizen is likely to flee"). But Respondents failed to show that ICE officers would not be able to arrest Petitioner at another identifiable location after obtaining an administrative warrant. Respondents' three main arguments all fail. First, Petitioner stopped his truck voluntarily and, though he did not roll down his window, he readily admitted that he did not have authorization to be in the country. Second, while officers noted Petitioner's heightened nervousness and close

monitoring of officers, it is not "unusual for a person to exhibit signs of nervousness when confronted by an officer." *United States v. Guerrero*, 374 F.3d 584, 590 (8th Cir. 2004). Third, while Respondents assert that Petitioner did not affirmatively present identification, evidence of a registered address, nor other compliance with registration requirements, this is not supported by the record. Relevant immigration records list a U.S. address for Petitioner under redaction. Additionally, officers originally identified Petitioner by running a record search on his truck. Respondents make no argument that ICE officers would not be able to locate Petitioner at his vehicle's registered address.

In sum, the record does not establish that ICE officers would be unable to locate Petitioner after obtaining a warrant to arrest him. Because Respondents have not shown that Petitioner was likely to escape, they failed to comply with the requirements for arresting a noncitizen without a warrant in 8 U.S.C. § 1357. Respondents therefore improperly arrested and detained Petitioner under 8 U.S.C. § 1225(b)(2).

Accordingly, Petitioner's detention is unlawful. And as in other similar cases, the Court concludes that the appropriate remedy is release from custody. *See Manuel P.N. v. Easterwood*, Civ. No. 26-3799, 2026 WL 2823650, at *2 (D. Minn. Sept. 21, 2026); *Walther Ademir A.S.*, 2026 WL 173906, at *3–4.[2]

[2] In reaching these conclusions, the Court offers no view on Petitioner's claims under the United States Constitution. The Court similarly makes no comment on Petitioner's underlying immigration proceeding.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Ivan F.M.'s Amended Petition for Writ of Habeas Corpus (Docket No. [5]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.
2. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.
3. The parties shall provide the court with a status update concerning the status of Petitioner's release by **no later than 4:00 p.m. on October 6, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 5:00 pm on October 9, 2026**.

DATED: September 30, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge